**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARZUQ AL-HAKIM,

    Petitioner,

-vs-                                         Case No.  8:05-CV-2056-T-30MSS

JAMES McDONOUGH,[1]

    Respondent.

_____

## ORDER

This cause is before the Court for consideration of Petitioner's Motion to Reopen (Dkt. 57), Motion for Certificate of Appealability (Dkt. 71), and Affidavit of Indigency in which Petitioner seeks leave to proceed on appeal *in forma pauperis* (Dkt. 72).  The history of the case is set forth in the June 14, 2006 order (Dkt. 51).

On February 2, 2006, the district court entered an order administratively closing this case pending resolution of Petitioner's claims in state court. Petitioner was directed to file a motion to reopen and an amended § 2254 petition within 30 days of the conclusion of the state court proceedings.  *See Hines v. D'Artois*, 531 F.2d 726, 730-31 (5th Cir. 1976). Petitioner filed a "second" amended petition and a motion to reopen on July 25, 2006. Petitioner acknowledged in the amended petition that each of the three grounds presented therein are the subject of a belated appeal in state court (Dkt. 58-1 at 6; 8; 10; 13). The

---

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

district court deferred ruling on Petitioner's motion to reopen and directed Respondent to file a response to the petition and the motion to reopen.

Petitioner's assertion that he exhausted his claims by presenting them to the Florida Supreme Court is contradicted by his sworn statement that the claims were presented to the state district court in Case No. 2D06-0773, which remains pending in that court. *Al-Hakim v. State*, Case No. 2D06-773 (Fla. 2d DCA).[2] As the Supreme Court noted in *Rhines v. Weber*, the "doctrine of comity" "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" 544 U.S. 269, 274 (2005) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). Because Petitioner's belated appeal remains pending in the state district court, his request to reopen this case will be denied.

As to Petitioner's request for leave to proceed on an interlocutory appeal challenging the stay order and the July 25, 2006 order (Dkt. 59) deferring a ruling on his motion to reopen (Dkt. 57), the Court finds Petitioner's argument unpersuasive. This Court has not "surrendered jurisdiction" over his § 2254 petition to the state courts. The Court has instead stayed these proceedings until Petitioner meets the statutory exhaustion requirement. *See* 28 U.S.C. § 2254(b). In rejecting Petitioner's previous attempt to present this issue on appeal, the Eleventh Circuit determined that the stay order is not immediately appealable because it is not a "final order" disposing of the issues raised in the petition (Dkt. 40). *See*

---

[2] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, October 3, 2006. *See* Fed. R. Evid. 201.

28 U.S.C. § 1291. Further, because the order does not involve a controlling question of law, this Court will not grant Petitioner leave to proceed on an interlocutory appeal under 28 U.S.C. § 1292(b).

If a certificate of appealability is required for this appeal to proceed, *see* Rule 22, Fed. R. App. P., and 28 U.S.C. §2253, the Court finds that Petitioner has not made the requisite showing for issuance of one. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

ACCORDINGLY, the Court **ORDERS** that :

1. Petitioner's Motion to Reopen (Dkt. 57) is **DENIED** without prejudice to refiling when Petitioner's state court proceedings have concluded.

2. The Motion for Certificate of Appealability is **DENIED** (Dkt. 71).

3. The request for leave to proceed on appeal *in forma pauperis* is **DENIED** (Dkt. 72).

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh