**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARZUQ AL-HAKIM,

    Petitioner,

-vs-                                                Case No.  8:05-CV-2056-T-30EAJ

JAMES McDONOUGH,

    Respondent.
_____/

## **ORDER**

This matter is before the Court for consideration of Petitioner's Belated Motion for Reconsideration of Order Dated October 5, 2006 (Dkt. 77), Emergency Motion for Extraordinary Relief (Dkt. 79), Motion for Preliminary Injunction Seeking Grand Jury Investigation on State Official Corruption (Dkt. 81), Motion for Judicial Notice and to an [sic] Advisory Opinion on F.B.I. Office [and] U.S. Attorney's Office (Dkt. 82), filed pursuant to 28 U.S.C. § 1651(a), and (Emergency) Renewed Motion to Reopen Case (Dkt. 83).

In his Belated Motion for Reconsideration of Order Dated October 5, 2006 (Dkt. 77), Petitioner requests reconsideration of an order denying his request to reopen this matter. Petitioner states in his motion that he has been transferred to the Hillsborough County Jail for a hearing on his Rule 3.850 motion. Likewise, in his (Emergency) Renewed Motion to Reopen Case (Dkt. 83), Petitioner acknowledges that his application for state post-conviction relief remains pending.

The federal limitations period for claims not raised in Petitioner's § 2254 petition is tolled during the pendency of Petitioner's state collateral proceedings, *see* 28 U.S.C. §

2244(d)(2), and piece meal litigation of habeas claims in federal court is discouraged, *see* 28 U.S.C. § 2244(b)(2)-(3). Moreover, the state court may grant Petitioner the relief he seeks herein, negating the need for Petitioner to proceed in this Court. Petitioner's requests to reopen this case will, therefore, be denied pending the conclusion of his state court proceedings.

In his Emergency Motion for Extraordinary Relief, Petitioner requests this Court to order an investigation of his allegations of corruption and a conspiracy by the "state through its judicial officers and prosecutors to maintain a cover-up of crimes. Fraud perpetrated upon the court." Dkt. 79 at 7. In his Motion for Preliminary Injunction Seeking Grand Jury Investigation on State Official Corruption (Dkt. 81) and Motion for Judicial Notice and to an Advisory Opinion on F.B.I., Office, U.S. Attorney's Office (Dkt. 82),[1] Plaintiff asserts that his civil rights and his rights to due process have been repeatedly violated by state officials who, according to Petitioner, have committed criminal and civil breaches of state and federal law. Petitioner is seeking relief related to the civil rights complaint he filed in state court, *See Al-Hakim v. Publix Super Market, Inc., supra,* requesting an investigation by the "F.B.I. and the U.S. Attorney's office" regarding matters relevant thereto, *see* Dkt. 82 at 2. Specifically, Petitioner seeks "enforcement of 18 U.S.C. [§§] 241 [and] 242"[2] and a "full fact

---

[1] Attached to the motion is a copy of an August 1, 2006 order scheduling a hearing on, *inter alia*, Plaintiff's Request for Advisory Order to U.S. Justice Dept. Investigation for Civil Rights Violation in *Al-Hakim v. Publix Super Markets, Inc.*, Case No. 05-1290 (Fla. 13th Jud. Cir. Ct. 2006).

[2] Under 18 U.S.C. § 241, conspiring to prevent an individual from exercising his constitutional or federal rights is a crime punishable by fine or imprisonment. Title 18 U.S.C. § 241, insofar as material here, provides: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . . by reason of his color, or race . . . shall be fined under this title or imprisoned not more than one year, or both."

finding investigation" under 28 U.S.C. § 1651 of events related to "a complaint for civil rights investigation" into events surrounding his state criminal prosecution.

While writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Fed. R. of Civ. P., United States district courts have jurisdiction in actions in the nature of mandamus, pursuant to 28 U.S.C. § 1361.  Under § 1361, district courts have jurisdiction to compel United States officials to perform their duties.  It is, however, not the Court's role to serve as an investigator for *pro se* litigants in search of support for claims raised in the prosecution of a state civil rights case or to direct government agencies to do so, and private citizens have no judicially cognizable interest in the prosecution or non-prosecution of another. *Otero v. United States Attorney General,* 832 F.2d 141, 141 (11th Cir. 1997) (writ of mandamus could not issue to compel investigation and prosecution of former Florida state attorney because private citizens have no judicially cognizable interest in the prosecution or nonprosecution of another) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)).

Petitioner asserts that his right "to due process of law under the 14th Amendment" is being violated by "corruption of state officials," a circumstance Petitioner asserts that this Court has authority to correct under 28 U.S.C. 1615(b).  Petitioner has attached an affidavit "attest[ing] to the state court corruption of a perjury and conspiracy to continue violation of civil rights." Dkt. 82 at 3. Petitioner has also attached a copy of the Florida Supreme Court's rejection of his petition for a writ of mandamus, entered May 6, 2005.  *Id.*, Attach. (unnumbered). *See Al-Hakim* v. *State of Florida*, 903 So.2d 936 (Fla. 2005).  The affidavit Petitioner attached to the motion is a duplicate of the affidavit filed in support of his request

that this Court enter an order directing an investigation into events relevant to his civil rights case.

The instant cause of action challenges the fact of Petitioner's incarceration pursuant to 28 U.S.C. § 2254. Petitioner's request for assistance in the prosecution of his civil rights action is beyond the scope of these proceedings. His motions are, therefore, not properly before this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. The Belated Motion for Reconsideration of Order Dated October 5, 2006 (Dkt. 77) is **DENIED**.

2. The Emergency Motion for Extraordinary Relief (Dkt. 79) is **DENIED**.

3. The Motion for Preliminary Injunction Seeking Grand Jury Investigation on State Official Corruption (Dkt. 81) is **DENIED**.

4. The Motion for Judicial Notice and to an [sic] Advisory Opinion on F.B.I. Office [and] U.S. Attorney's Office (Dkt. 82) is **DENIED**.

5. The (Emergency) Renewed Motion to Reopen Case (Dkt. 83) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA:jsh