UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARZUQ AL-HAKIM,

    Petitioner,

-vs-                                               Case No.  8:05-CV-2056-T-30MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

    THIS CAUSE is before the Court for consideration of Petitioner's Motion for Reconsideration of Order and Seeking Disqualification of Judge and Review by New Unbias Court (Dkt. 86); (Emergency) Second Renewed Motion to Reopen Case (Dkt. 87); Motion for Certificate of Appealability (Dkt. 89); Motion for Leave to Appeal (IFP) and Interlocutory Appeal a Controlling Question of Law November 26, 2006 Order (Dkt. 90); and Motion to Reopen Administrative [sic] Closed Case and Motion to Treat Writ of Habeas Corpus as Writ of Error Coram Nobis Due to Release from Custody-Prison (Dkt. 93). On February 2, 2006, the district court entered an order administratively closing this case pending resolution of Petitioner's claims in state court. *See* 28 U.S.C. § 2254(b).

    In his Motion for Reconsideration of Order and Seeking Disqualification of Judge and Review by New Unbias Court (Dkt. 86), Petitioner contends that the undersigned has demonstrated bias against him by denying his requests for relief. The remedy for an erroneous

ruling is to appeal. Dissatisfaction with rulings is not a ground for disqualification. *See Christo v. Padgett*, 223 F.3d 1324, 1334 (11th Cir. 2000) (quoting *Hamm v. Members of the Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).

Petitioner's renewed request to reopen this matter (Dkt. 87) and his request that his § 2254 petition be construed as a petition for a writ of coram nobis (Dkt. 93) will be denied. In his Belated Motion for Reconsideration of Order Dated October 5, 2006 (Dkt. 77), Petitioner requested that this case be reopened and informed the Court that he had been transferred to the Hillsborough County Jail for a hearing on a state application for post-conviction relief filed pursuant to Fla. R. Criminal. P. 3.850. In the motion to treat his § 2254 petition as a petition for a writ of error coram nobis, filed January 19, 2007, Petitioner advises that he "entered negotiation with the State in exchange for release[,] on Jan. 22, 2007, at 1:30 p.m.[,] Petitioner will withdraw his post-conviction relief motion for time served." The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, viewed on February 3, 2007, stating that the review of Petitioner's Rule 3.850 motion in Case Nos. 04-CV-3990 and 02-CF-10476 concluded on January 22, 2007. The trial court entered a written order suspending the balance of Petitioner's sentence in each case on January 29, 2007. *See* Fed. R. Evid. 201.

Petitioner has previously informed the Court that each of the claims presented in his second amended petition (Dkt. 58) was raised before the state court in his Rule 3.850 motion. When Petitioner withdrew his Rule 3.850 motion, he abandoned the claims presented therein, which works as a procedural default of those claims for federal habeas corpus purposes. Further,

to exhaust state remedies where a petitioner's claim has been denied by the trial court on post-conviction review, the petitioner must appeal the denial of the claim. *See, e.g., Leonard v. Wainwright*, 601 F.2d 807 (5th Cir. 1979).

Petitioner requests leave to proceed on an interlocutory appeal *in forma pauperis*. This motion fails for the same reason Petitioner's attempt to challenge the stay of these proceedings on appeal was unsuccessful. The Court's finding that his request for an order directing the F.B.I. to investigate his civil rights complaints is beyond the scope of these proceedings is not immediately appealable because it is not a "final order" disposing of the issues raised in the petition. *See* 28 U.S.C. § 1291. Further, despite Petitioner's assertion to the contrary, the order does not involve a controlling question of law in this proceeding. The Court will not, therefore, grant Petitioner leave to proceed on an interlocutory appeal under 28 U.S.C. § 1292(b).

Finally, as to Petitioner's request for issuance of a certificate of appealability ("COA"), *see* Rule 22, Fed. R. App. P., and 28 U.S.C. §2253, if a COA is required for this appeal to proceed, the Court finds that Petitioner has not made the requisite showing for issuance of one. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam)*; Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Reconsideration of Order and Seeking Disqualification of Judge and Review by New Unbias Court (Dkt. 86) is **DENIED**.
2. The (Emergency) Second Renewed Motion to Reopen Case (Dkt. 87) is **DENIED**.
3. The Motion for Certificate of Appealability (Dkt. 89) is **DENIED**.

4. The Motion for Leave to Appeal (IFP) and Interlocutory Appeal a Controlling Question of Law November 26, 2006 Order (Dkt. 90) is **DENIED**.

5. The Motion to Reopen Administrative [sic] Closed Case and Motion to Treat Writ of Habeas Corpus as Writ of Error Coram Nobis Due to Release from Custody-Prison (Dkt. 93) is **DENIED**.

6. Petitioner shall, on or before **February 20, 2006**, file a copy of the following portions of the record in his state post-conviction proceedings:[1]

   a. The Rule 3.850 motion filed on or about December 9, 2005;

   b. The Verified Supplemental 3.850 Motion and Supporting Memorandum of Law;

   c. The Fourth Interim Order entered by the trial court denying Grounds 1 and 5 of the 2005 Rule 3.850 motion, *see* Dkt. 79, Attach. (unnumbered), Fifth Interim Order, Case Nos. 02-CV-010476 and 04-CF-003990 (Fla. 13th Jud. Cir. Court. 2006) (referencing the Fourth Interim Order);

   d. The order suspending Petitioner's sentences, entered by the trial court in his Rule 3.850 proceedings on January 29, 2007; and

   e. All other pleadings filed by Petitioner in state court seeking post-conviction relief and the dispositive orders entered thereon that he asserts demonstrate

---

[1] It is settled law that the burden to establish that his claims are properly exhausted rests with the petitioner. *See Darr v. Burford,* 339 U.S. 200, 218-19 (1950); *Winck v. England*, 327 F.3d 1296, 1306 n.6 (11th Cir. 2003).

that the four claims raised in the Second Amended Petition Under 28 U.S.C. § 2254 (Dkt. 58) are fully exhausted.[2]

7.   Failure to comply with this order within the allotted time will result in the **dismissal** of this matter without further notice.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

---

[2] Petitioner is cautioned that a copy of an order entered by a state court, standing alone, may not be sufficient to demonstrate what issue was being addressed for purposes of meeting the exhaustion requirement.